IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| HARRIET MENEZES, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ASSOCIATION OF FLIGHT ATTENDANTS- ) <br> CWA, AFL-CIO, et al., ) <br> ) <br> Defendants. ) <br> ) | Civil Case No. 04-10366JLT <br> Judge Tauro |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
THE MOTION TO DISMISS OF DEFENDANTS
THE ASSOCIATION OF FLIGHT ATTENDANTS-CWA AND
PATRICIA FRIEND, PAUL MAC KINNON, SHIRLEY BARBER AND MARIA TORRE

Defendant, the Association of Flight Attendants-CWA, AFL-CIO ("AFA" or "the Union"), and individual defendants, Patricia Friend, Paul Mac Kinnon, Shirley Barber and Maria Torre, pursuant to Rules 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure, by and through their attorneys, hereby submit their Memorandum of Points and Authorities in support of its Motion to Dismiss for Lack of Subject Matter Jurisdiction and/or Failure to State Claim Upon Which Relief Can be Granted.

## INTRODUCTION

As discussed below, because the plaintiff's duty of fair representation claim and other related claims[1] are tied inextricably to the interpretation of the collective bargaining agreement ("CBA") between AFA and United Airlines, Inc. ("United" or "the Company"), the plaintiff's claims constitute a "minor" dispute under the Railway Labor Act, 45 U.S.C. §151 *et seq.* ("RLA") that must be resolved exclusively within the jurisdiction of the RLA's mandatory arbitration procedures. The fact that Harriet Menezes ("Menezes") failed to exercise her right to arbitrate her claim under the procedures set forth in the AFA-United CBA precludes her from obtaining federal subject matter jurisdiction over this action. In addition, because AFA officers and officials were acting in their official capacity as Union representatives at all relevant times, the claims seeking to holding them individually liable for Menezes termination must be dismissed for failure to state a claim upon which relief can be granted.

---

[1] Menezes also alleges that AFA and the individual defendants violated a host of other federal statutes as a result of her termination, including the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, Title VII of the 1964 Civil Rights Act, 42 U.S.C. §2000a *et seq.*, The Family and Medical Leave Act, 29 U.S.C. §2601 *et seq.*, and The Labor Management Reporting and Disclosure Act, 29 U.S.C. §401 *et seq.* For purposes of this motion to dismiss, AFA and the individual defendants will not address each of the particular federal causes of action alleged by plaintiff since those federal claims, like the DFR claim, are tied inextricably to the interpretation of Section 30 of the AFA-United CBA. Consequently, because this suit involves a "minor" dispute under the RLA, this Court likewise has no subject matter jurisdiction over those federal causes of actions. *See e.g., Brown v. Illinois Central Railroad Co.,* 254 F.3d 654, 664-65 (7th Cir. 2001)("[B]ecause Brown's [ADA] claim requires a *potentially dispositive interpretation of the CBA's seniority provisions,* we hold the RLA precludes his claim.")(Italics in original); *Rosa Sanchez v. Eastern Airlines, Inc.,* 574 F.2d 29 (1st Cir. 1978)(ERISA and tort claims cannot overcome the exclusive jurisdictional scope of the RLA's mandatory grievance procedures).

## STATEMENT OF FACTS [2/]

Harriet Menezes was employed as a flight attendant for United Airlines from April 17, 1999 August 29, 2003, when she was terminated by United based upon her refusal to pay mandatory union dues in violation of Section 30 of the AFA-United CBA. (Complaint "Cmpl." ¶ 6). Defendant AFA is the exclusive bargaining representative for the United flight attendants. (*Id.* ¶ 4). The following individual defendants are elected officers or officials representing AFA: Patricia A. Friend is the AFA International President (Cmpl. ¶ 43); Paul Mac Kinnon is AFA International Secretary Treasurer (Cmpl. ¶ 19); Shirley Barber is the AFA United Master Executive Council Secretary Treasurer (Cmpl. p. 1); and Maria Torre is the AFA United Master Executive Council Grievance Chairperson. (*Id.*).

Section 30 of the AFA-United CBA, titled "Union Security" requires all flight attendants to become members of the Union "or to pay to the Union each month a service charge equal to the regular and usual monthly dues." (Exhibit "Exh." 1, p. 13). If a flight attendant becomes more than sixty (60) days delinquent in the payment of his/her dues or service charge, the Union shall notify such employee by certified mail of his/her delinquency, and furthermore, that he/she is subject to discharge as an employee of the Company. (*Id.*, p. 14). Such letter must also inform the delinquent employee that he/she shall have an additional fifteen (15) to cure the delinquency. (*Id.*) If the delinquency is not cured within the prescribed fifteen (15) days, the Union shall

---

[2/] Although Menezes discusses Section 30 of the AFA-United CBA in her complaint, she did not attach a copy of the provision. AFA has submitted a copy of the relevant portions of the CBA and related correspondence for the purpose of showing this Court's lack of subject matter jurisdiction over this action. *See Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993)("The district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.").

certify in writing to United, "that the employee has failed to remit payment with the grace period allowed and is, therefore, to be discharged." (*Id.*)

If a discharged employee disagrees with the Company's decision, he/she may request a review of the decision with five (5) days of the date the Company notifies the employee of his/her discharge. (*Id.*) The Company shall respond to the request for review within five (5) days and must forward a copy of the decision to the employee and the Union. (*Id.*, p. 15). Such decision shall be final and binding on all interested parties, unless it is appealed by the employee or the Union to the System Board of Adjustment ("System Board") pursuant to Section 27 of the CBA. (*Id.*). If an appeal is made to the System Board, however, the Union and Company appointed members of the Board shall not participate in the "hearings, deliberations or decisions of such Board." (Exh. 1, p. 15). Rather, "such grievances shall be presented solely to a neutral referee . . ." Moreover, the Union agrees to "indemnify and save the Company harmless against all forms of liability that shall arise out of or by reason of action taken by the Company, which action was requested by the Union under the provisions of this Section, or, arising out of Company compliance with this Section." (*Id.*)

By certified mail dated May 16, 2003, AFA notified Menezes that she was delinquent in paying her monthly dues and had fifteen (15) days to cure the delinquency. (Exh. 2). Menezes' signature appears on the return receipt; verifying that she received notice of her dues delinquency. (*Id.* p. 3). After waiting almost three (3) months for Menezes to pay her delinquent dues, and receiving no remittance from her, AFA notified United by letter dated August 4, 2003, that she was in arrears and should therefore be terminated for non-compliance with Section 30 of the CBA. (Exh. 3). Accordingly, United notified Menezes by letter dated August 27, 2003 that

4

she was being terminated for non-payment of AFA dues effective August 29, 2003. (Cmpl. ¶ 13).

Menezes alleges that she attempted to have the Union file a grievance on her behalf to protest her termination. (Cmpl. ¶ 21). Her efforts were irrelevant since the Union does not represent flight attendants who are terminated for non-payment of dues in violation of Section 30 of the CBA. (Exh. 1, pp. 14-15). Section 30 gives flight attendants the right to bring their own grievance to challenge their terminations for non-payment of Union dues. (*Id.*). Furthermore, AFA indemnifies United for any liability that may arise out of the Union's request to discharge a flight attendant for violating Section 30. (*Id.*, p. 15).

## ARGUMENT

I. **THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER MENEZES' DUTY OF FAIR REPRESENTATION CLAIM BECAUSE ITS RESOLUTION REQUIRES INTERPRETATION OF THE COLLECTIVE BARGAINING AGREEMENT AND IS THEREFORE SUBJECT TO THE EXCLUSIVE JURISDICTION OF THE RAILWAY LABOR ACT'S MANDATORY ARBITRATION PROCEDURES.**

   A. **All "Minor Disputes" Must Be Arbitrated Before The System Board of Adjustment.**

In enacting the Railway Labor Act ("RLA" or "the Act"), 45 U.S.C. § 151 *et seq.*, Congress sought to promote stability in labor relations and avoid interruptions in interstate commerce by providing a comprehensive framework for resolving labor disputes. *Hawaiian Airlines v. Norris*, 512 U.S. 246, 252 (1994). Labor disputes under the RLA are characterized as either "major" or "minor." "Major" disputes involve attempts to change or alter collective bargaining agreements concerning "rates of pay, rules and working conditions." *Id.* at 2244. *See also Consolidated Rail Corp. v. Railway Labor Executive Ass'n*, 491 U.S. 299, 302-04

(1989) ("*Conrail*"); *Elgin, J. & E. Ry. v. Burley*, 325 U.S. 711, 723 (1944). Major disputes are subject to direct judicial review. *Conrail*, 491 U.S. at 302.

"Minor" disputes, on the other hand, involve grievances or disagreements over the application or interpretation of collective bargaining agreements that are subject to final and binding arbitration through a system board of adjustment that is "mandatory, exclusive and comprehensive." *Brotherhood of Locomotive Engineers v. Louisville & Nashville R.R*, 373 U.S. 33, 38 (1963); *Conrail*, 491 U.S. at 302. The duty to arbitrate RLA grievances is unconditional, and it flows from the statute itself, rather than from a voluntary agreement between the parties. *Norris*, 114 S. Ct. at 2244. *See also Andrews v. Louisville & Nashville R.R.*, 406 U.S. 320 (1972); *International Ass'n of Machinists v. Central Airlines*, 372 U.S. 682 (1963); *Burley*, 325 U.S. 711.

Indeed, Congress amended the RLA in 1934 to establish a mandatory mechanism for the resolution of contractual disputes in light of the "complete breakdown in the practical workings" of the RLA's voluntary dispute resolution procedures. *Burley*, 325 U.S. at 726. As a result, disputes that are "even arguably" justified by the terms of the parties' collective bargaining agreement are subject to the exclusive jurisdiction of the System Board of Adjustment. *Conrail*, 491 U.S. at 302; *O' Brien v. Consolidated Rail Corp.* 972 F.2d 1, 10-11 (1st Cir. 1992); *BLE, UTU v. Springfield Terminal,* 210 F.3d 18, (1st. Cir. 2000)("If the dispute is 'minor' the district court dismisses the case in favor of arbitration."). As discussed below, Menezes' duty of fair representation claim is a classic "minor dispute" that must be resolved exclusively by the United Airlines Flight Attendant System Board of Adjustment.

**B.   Menezes Failure To Exercise Her Contractual Right To Challenge Her Termination Before the System Board of Adjustment Precludes Subject Matter Jurisdiction Over Her Duty of Fair Representation Claim**

After receiving notice of her dues delinquency to AFA, Menezes made the decision to neither pay the debt, nor challenge her discharge through the grievance procedure provided to flight attendants pursuant to Section 30. Instead, she has filed this action alleging a breach of AFA's duty of fair representation ("DFR") to her as a result of the Union's alleged failure to file a grievance on her behalf challenging her termination. (Compl. ¶ 25). By the terms of Section 30, however, the employee, not the Union, has the burden of filing a timely grievance to challenge a termination for non-payment of dues. As a result, AFA owes no duty to Menezes to file a grievance to overturn the termination.

Indeed, the plain language of Section 30 treats an "employee" and "Union" as separate parties with differing rights and obligations. (Exh. 1, pp. 14-15). Section 30. D (1) provides that "a grievance by an *employee* who is to be disciplined as a result of . . . the provisions of this Section shall be subject to the following procedures." (Italics added). (Exh. 1, p. 14). Section 30.D(1)(a) goes on to establish the time-lines for the Company's review of its decision by the Director Labor Relations - Inflight. Section 30. D(1)(b) then provides that the decision of Director Labor Relations - Inflight shall be final and binding on all parties unless the "decision is not satisfactory to either the employee *or* the Union." (*Id.*, p. 15). (Italics added). Because the Union has initiated the process for terminating the flight attendant, the decision of the Director Labor Relations - Inflight will determine which party appeals to the System Board: if the termination is affirmed, the employee will appeal; if overturned, the Union will appeal. Clearly, under Section 30 the employee and the Union have divergent interests.

In addition, the normal composition of the System Board as set forth in Section 27 is

modified when the Board is hearing a grievance challenging a Section 30 termination. (Exh. 1, p. 6). Specifically, the members of the System Board appointed by the Union and Company "shall not participate in the hearings, deliberations or decisions of the Board." (*Id.*, p. 15). Instead, the appeal will be presented "solely to a neutral referee." (*Id.*) Again, because the Union is seeking the termination, it cannot represent the interests of the grievant. To underscore this divergence of interests, the Union further agrees in Section 30.D(2)(b) to indemnify United against all forms of liability that may occur as a result of its action to terminate the delinquent flight attendant at AFA's request. (*Id.*).

Moreover, it is well-established under the RLA that an employee is free to bring a grievance without the support of the Union. *See, Landers v. National Rail Passenger Corp.*, 485 U.S. 652, 654 (1988); *Miklavic v. USAir, Inc.*, 21 F.3d 551, 555 (3rd Cir. 1994); *Masy v. New Jersey Transit Rail Operations, Inc.*, 790 F.2d 322, 326-27 (3d. Cir. 1986); *Kaschak v. Consolidated Rail Corp.*, 707 F.2d 902, 906-08 (6th Cir. 1983); *Schum v. South Buffalo Ry. Co.*, 496 F.2d 328, 329-30 (2d. Cir. 1974). Menezes has made no allegations that the filing of a grievance would have been futile, or that the Company or Union had repudiated the arbitration procedures set forth in the AFA-United CBA. *See, Glover v. St. Louis-San Francisco Railway Co., et al*, 393 U.S. 324, 329-331 (1957) (discussing limited exceptions that would allow a minor dispute to be heard by the federal court). And since AFA owed no duty to Menezes to file a grievance challenging her termination, no DFR claim can be implicated. *Id.*

Here, it cannot be disputed that Menezes had the contractual right to challenge the Company's decision to terminate her for non-payment of dues. For some reason, she chose not to exercise that right, and as a result, she waived her opportunity to have her dispute resolved exclusively before the System Board. No other forum has jurisdiction to interpret the CBA.

Menezes cannot transform her oversight into a duty of fair representation claim against AFA. In fact, AFA's only duty was to enforce the provisions of its CBA to ensure it can continue to receive dues to vigorously represent the interests of the United flight attendants. Accordingly, because the resolution of Menezes termination dispute requires interpretation of the AFA-United CBA before the System Board, this court has no subject matter jurisdiction over this action and it must be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## II. BECAUSE UNION OFFICERS ACTING IN THEIR OFFICIAL CAPACITY ARE IMMUNE FROM LIABILITY, MENEZES' CLAIMS AGAINST INDIVIDUAL AFA UNION OFFICERS MUST BE DISMISSED

It is a bedrock principle of federal labor policy that union officers acting in their official capacity are immune from liability for activities related to the collective bargaining context. *Atkinson v. Sinclair Refining Co.*, 370 U.S. 238, 249 (1962)(striking down action against union officers for breach of a no-strike agreement pursuant to § 301 of the Taft-Hartley Act, 29 U.S.C. § 185); *Complete Auto Transit, Inc. v. Reis*, 451 U.S. 401, 417 (1981)(damages immunity for union officers unaffected even though union did not authorize the illegal strike); *Montplaiser v. Leighton*, 875 F.2d 1, 4 (1st Cir. 1989)( barring suit against union's lawyers by union members); *Wolfson v. American Airlines, Inc.*, 170 F.Supp.2d 87, 96 (D. Mass. 2001)(". . . union's agent who was acting on its behalf, cannot be held personally liable for tortious interference with contract under state law even if the [Union] itself is shown to be guilty of such an offense.").

In construing the §301(b) of the Labor Management Relations Act, 29 U.S.C. §185(b), the Supreme Court has found that;

> The union as an entity, like a corporation, should in the absence of agreement be the sole source for recovery for injury inflicted by it . . . This policy cannot be evaded or truncated by the simple device of suing union agents or member, whether in contract or tort, or both, in a separate count or in a separate action for damages for violation of a collective bargaining contract for which damages the

union itself is liable.

*Atkinson*, 370 U.S. at 249.

Moreover, the First Circuit has embraced *Atkinson's* broad sweep, noting that "with monotonous regularity, court after court has cited *Atkinson* to foreclose state-law claims, however inventively cloaked, against individuals acting as union representatives within the ambit of the collective bargaining process." *Montplaiser,* 875 F.2d at 4. These principles apply equally to disputes, such as this one, arising under the Railway Labor Act. *Wolfson,* 170 F. Supp. 2d at 96.

Here, Menezes seeks to hold six (6) elected AFA officers and officials individually liable for her termination for failure to pay union dues pursuant to Section 30 of the AFA-United CBA. It is undisputed, however, that based on the allegations of the complaint, these AFA officials were acting in their official capacities as representatives of AFA at all relevant times. Menezes makes no allegations that any of the six (6) AFA officials were acting outside the scope of their official Union duties. Accordingly, pursuant to the Supreme Court's holding in *Atkinson,* and its progeny, all claims seeking to hold Patricia Friend, Paul Mac Kinnon, Shirley Barber and Maria Torre individually liable for Menezes' termination must be dismissed for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## **CONCLUSION**

Based upon the foregoing, AFA and the individual defendants referenced above, respectfully request that this Court dismiss the complaint in its entirety for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Furthermore, the individual defendants respectfully request that the Court dismiss all claims seeking to hold them

individually liable because the complaint fails to state a claim against them under Rule 12(b)(6) of the Federal Rules of Civil Procedures.

Dated:   September 22, 2004

                                      Respectfully submitted,

                                      Edward J. Gilmartin
                                      Association of Flight Attendants-CWA,
                                         AFL-CIO
                                      501 Third Street, N.W.
                                      9th Floor
                                      Washington, DC 20001-2797
                                      (202) 434-0577

                                      Mary T. Sullivan
                                      Indira Talwani
                                      Segal, Roitman & Coleman
                                      11 Beacon Street, Suite 500
                                      Boston, MA   02108
                                      (617) 742-0208

                                      Attorneys for AFA, Patricia Friend, Paul
                                      Mac Kinnon, Sue Cook, Karen Scopa,
                                      Shirley Barber, and Maria Torre

**CERTIFICATE OF SERVICE**

     I hereby certify that a true copy of the foregoing Memorandum in Support of Motion to Dismiss has been served upon the Plaintiff, Harriett Menezes, 169 Thoreau Street, Apt. 8, Concord, MA 01742 and Brigitte M. Duffy, Seyfarth Shaw LLP, World Trade Center East, Two Seaport Lane, Suite 300, Boston, MA  02210 by first class mail this 22nd day of September, 2004.

                                      Indira Talwani