Menezes v. United Airlines, Inc., et al., CA No. 04-103666 JLT        Motion to Reopen Case

Pro Se
Harriet Menezes
169 Thoreau Street, Apt. 8
Concord, MA 01742

FILED
IN CLERKS OFFICE

2006 JAN 13  P 2: 24

DISTRICT COURT
DISTRICT OF MASS.

| Harriet Menezes, | ) | Civil Action |
| Plaintiff | ) | Case No. 04-10366 JLT |
|  | ) |  |
| vs. | ) |  |
| United Airlines, Inc., et al. | ) |  |
|  | ) |  |

## Motion-To Reopen Case-Various Grounds

RE:   Menezes v. Association of Flight Attendants, et al, CA No. 04-10365 JLT
      Menezes v. United Airlines, Inc., et al, CA No. 04-10366 JLT

I respectfully move that this case be reopened upon a meritorious motion pursuant to Fed. R. Civ. Procedure 60; failing that or in addition to that, I respectfully ask the judge to reopen the case based upon a provision that will allow reopening.

The Plaintiff respectfully requests the judge to review the Settlement Agreement and the transcribed proceedings.

I respectfully move the United States District Court for an order reopening the case, on various grounds to include, but not limited to, that Plaintiff did not have a full understanding of Settlement Agreement, that terms conveyed in ex parte communication, and other communication to expunge record in personnel file will not be performed by United Airlines. Clauses in the Agreement prohibit Plaintiff from defending herself against United's progressive disciplinary policy thereby creating unconscionable results. Plaintiff was induced into signing an unconscionable Settlement Agreement by fraudulent and misleading representations made in bad faith. The result is that Plaintiff is subject to termination from her job as a flight attendant after a 2004 reinstatement.

This motion will be based on all the pleadings, papers, records, files and evidence in this action, hearing transcripts, ex parte communication, and subsequent evidence since Agreement. The Agreement did not put a stop to behavior that may be construed as retaliation including continued administrative betrayal, constructive discharge, placing Plaintiff under labor relations investigation from April 2005 to present; divulging medical information to third parties for the purpose of discipline; and causing such duress to Plaintiff that she left work by ambulance in April 2005 from Logan airport.

I respectfully request judicial intervention to halt United's progressive disciplinary process going forward pending judicial review, not limited to a stay, injunction, cease and desist or whatever

legal means necessary. [Progressive discipline has been initiated by United Airlines supervisor Maria Hovanesian starting with medically related work absences from the year 2000 to date.]

My good cause for delay in reopening the case, I didn't understand the terms of the Agreement until I started getting disciplined and returned to work. I thought that discussions during conference at the United States District Court would be valid as oral settlement agreement and therefore binding on the parties even if its terms are not embodied in the subsequent written instrument. This may be evident, in part, from a transcript of the conference and hearings. I received a letter in January 2006 from United stating my personnel records were not expunged therefore I am subject to progressive discipline for illness absences going back to 2000; a doctor's note is not an acceptable defense. My disciplinary review meeting is scheduled for January 17, 2006. Other benefits I lost were Long Term Disability insurance for ever and vacation for the year 2005.

I did not know that when I returned to work, that United's continued treatment of me would be so horrific that I would feel like quitting if I had the means. When I signed the Agreement, I thought that I would continue to have a career in a hostile-free environment. United's progressive discipline policy and treatment of me usurps that. In retrospect, I would have gone forward with more negotiation prior to signing the Agreement, had more judicial intervention and time (the attorneys did not have the suggested draft written settlement agreement for the settlement 11/8/04 conference so we had to go into conference rooms), and the opportunity for a more equitable future.

I respectfully request that this court retains jurisdiction.

Thank you.

Submitted on January 13, 2006

*Harriet Menezes*
Harriet Menezes, Pro Se
169 Thoreau Street, Apt. 8
Concord, MA 01742

Pro Se
Harriet Menezes
169 Thoreau Street, Apt. 8
Concord, MA 01742

FILED
IN CLERKS OFFICE

2006 JAN 13 P 2: 24

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| Harriet Menezes,   ) | Civil Action |
|    Plaintiff      ) | Case No. 04-10366 JLT |
|                   ) | |
| vs.            ) | |
| United Airlines, Inc., et al.  ) | |
|                   ) | |

## CERTIFICATE OF SERVICE

RE:  Menezes v. Association of Flight Attendants, et al., CA No. 04-10365 JLT
      Menezes v. United Airlines, Inc., et al, CA No. 04-10366 JLT.
      Notice of Motion to Reopen Case, and Motion to Reopen Case

I, Harriet Menezes, state that I served the above by mailing a copy to the attorneys for defendants as follows, on Friday, January 13, 2006.

Edward J. Gilmartin, Esq.
Association of Flight Attendants-CWA, AFL-CIO
501 Third Street, NW, 9th Floor
Washington, DC 20001-2797
(202)434-0577

Brigitte M. Duffy, Esq.
Seyfarth Shaw LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02110
(617)946-4800

Mary T. Sullivan, Esq.
Segal, Roitman & Coleman
11 Beacon Street, Suite 500
Boston, MA 02108
(617)742-2187

Date: January 13, 2006

                                                    */s/ Harriet Menezes*
                                                    Harriet Menezes
                                                    169 Thoreau Street, Unit 8
                                                    Concord, MA 01742
                                                    (978)369-4693

Pro Se
Harriet Menezes
169 Thoreau Street, Apt. 8
Concord, MA 01742

FILED
IN CLERKS OFFICE

2006 JAN 13 P 2: 24

|  |  |  |
|---|---|---|
| Harriet Menezes, | ) | Civil Action |
| Plaintiff | ) | Case No. 04-10366 JLT |
|  | ) | DISTRICT OF MASS. |
| vs. | ) |  |
| United Airlines, Inc., et al. | ) |  |
|  | ) |  |

Notice-Of motion-To Reopen case-Various Grounds

RE:   Menezes v. Association of Flight Attendants, et al., CA No. 04-10365 JLT
      Menezes v. United Airlines, Inc., et al, CA No. 04-10366 JLT

To: Attorney Gilmartin, Attorney Duffy, Attorney Sullivan

You are notified that I will move that this case be reopened upon a meritorious motion pursuant to Fed. R. Civ. Procedure 60; failing that or in addition to that, I respectfully ask the judge to reopen the case based upon a provision that will allow reopening.

Thank you.

Submitted on January 13, 2006

*Harriet Menezes*
Harriet Menezes, Pro Se
169 Thoreau Street, Apt. 8
Concord, MA 01742

Edward J. Gilmartin, Esq.
Association of Flight Attendants-CWA, AFL-CIO
501 Third Street, NW, 9th Floor
Washington, DC 20001-2797
(202)434-0577

Brigitte M. Duffy, esq.
Seyfarth Shaw LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02110
(617)946-4800

Mary T. Sullivan, Esq.
Segal, Roitman & Coleman
11 Beacon Street, Suite 500
Boston, MA 02108
(617)742-2187