IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HARRIET MENEZES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No. 04-10366JLT |
| ) | |
| UNITED AIRLINES, INC., et al ) | |
| ) | |
| Defendants. ) | |

### ASSOCIATION OF FLIGHT ATTENDANTS
### IN OPPOSITION TO PLAINTIFF'S MOTION TO RE-OPEN CASE

The Association of Flight Attendants-CWA, AFL-CIO ("AFA" or "the Union") the certified bargaining representative for the flight attendants employed by United Airlines, Inc.("United" or "the Company"), files this opposition to the motion of plaintiff Harriet Menezes ("Menezes") to re-open the above referenced cases. These cases were settled by the parties and dismissed with prejudice by this Court in January, 2005.

### PROCEDURAL HISTORY

Menezes filed two Complaints (Case Nos. 04-10365, 04-10366) in this Court against AFA, several AFA elected officers individually, and United, on or about February 23, 2004. Menezes alleged that the defendants had violated various labor statutes, and AFA's duty to represent her fairly, as a result of United's decision to terminate her for failure to pay Union dues pursuant to the AFA-United flight attendant collective bargaining agreement ("CBA"). Following settlement negotiations, Menezes and the named defendants signed a Confidential Settlement Agreement, Release and Waiver "Settlement Agreement" attached hereto as Exhibit

1

1) and Stipulation of Dismissal in this litigation dismissing with prejudice all of Menezes' claims.  As a result of that Settlement Agreement, Menezes was reinstated to her position as a United flight attendant with her full seniority.

On January 13, 2006, Ms. Menezes filed the current motion seeking to re-open the above-referenced case pursuant to Rule 60[1] of the Federal Rules of Civil Procedure.  Menezes alleges that she did not "have a full understanding of the Settlement Agreement" and furthermore, that she was "induced into signing an unconscionable Settlement Agreement by fraudulent and misleading representations made in bad faith."  Menezes does not allege any facts in support of her motion that implicate AFA or any other individual AFA defendant with this alleged fraudulent conduct.

AFA makes the following offer of proof with respect to the events that have occurred since the dismissal of the case. Menezes has returned to work. AFA is representing Menezes related to an incident that occurred while she working as a United flight attendant on April 22, 2005.  On that date, Menezes was scheduled to fly from Chicago to Los Angeles.  She, however, felt fatigued and asked her supervisor if she could be relieved of her duties for that trip. United sent her home to Boston where she went to a hospital emergency room for treatment.  After the Company conducted an investigation, Menezes was given a letter of warning for not completing her assigned trip on April 22, 2005.   AFA has represented Menezes throughout the investigative

---

[1] Although she does not cite to Rule 60(b)(3) in her motion, because she alleges "fraudulent and misleading representations made in bad faith" by United, that is the most relevant provision for her claim.

process, and intends to file a grievance over the issuance of the letter of warning.

## ARGUMENT

I.         **PLAINTIFF'S MOTION SHOULD BE DENIED.**

    A.     **Menezes Has Not Alleged Sufficient Evidence To Warrant Relief from the Dismissal of Case Nos. 04-10365 and 04-10366 Under Rule 60(b).**

Under Rule 60(b)(3) of the Federal Rules of Civil Procedure, a party may be relieved from a judgment, order, or proceeding for "fraud, (whether heretofore denominated as intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." *Id.; Tiller v. Baghdady,* 294 F.3d 277, 280 (1st C ir. 2002). To obtain relief under Rule 60(b)(3), a party must "present the district court with 'clear and convincing evidence' that the claimed fraud or misconduct occurred." *Id.( citing Anderson v. Cryovac, Inc.* 862 F.2d 910, 926 (1st Cir. 1988)). Furthermore, the party must show that the alleged misconduct "substantially interfered with [her] ability fully and fairly to prepare for, and proceed at, trial." *Id.* at 924; *accord, Edwards v. Fiddes & Sons, Ltd.,* 427 F.3d 129 (1st Cir. 2005 ).

Here, Menezes has presented no "clear and convincing evidence" that either United or AFA has have engaged in any misconduct related to the settlement of her initial lawsuits. Rather, her broad allegations of misconduct relate to her current employment dispute with United - which, of course, postdates the dismissal of these cases. Most significantly, without referencing any particular portion of the record, she alleges that the motion "will be based on all the pleadings, papers, records and files and evidence in this action, hearing transcripts, ex parte communication, and *subsequent evidence since the [Settlement] Agreement."* (Emphasis

3

added). Thus, Menezes admits that she is relying on post-dismissal evidence that cannot be considered under Rule 60. In fact, Rule 60(b)(2) permits the Court to consider only "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." In other words, evidence that "would probably have changed the outcome." *Hoult v. Houldt,* 57 F.3d 1, 6 (1st Cir. 1995).

Menezes is clearly referring to alleged misconduct related to her current dispute under "United's progressive disciplinary process" which is wholly independent of the facts that led to the initial lawsuits against United and AFA. Thus, the "subsequent evidence" she refers to cannot be considered for purposes of this motion. In sum, Menezes has not met the standard for obtaining relief from the dismissal with prejudice of her lawsuits against United and AFA under Rule 60(b)(3). *Edwards,* 427 F.3d at 134.

### B.    The Motion Is Untimely Under Rule 60(b).

Under Rule 60(b), any motion for relief from a judgment "shall be made within a reasonable time, and for reasons (1),(2), and (3) not more than one year after the judgment, order or proceeding was entered or taken." Because Menezes is seeking to re-open this case based on 60(b)(3), she was required to file her Motion within one year of the date this case was dismissed with prejudice. Both cases, Case No. 04-10365 and No. 04-10366$^2$ were dismissed more than a year before she filed her January 13, 2006 Motion. The Motion is untimely and therefore must be dismissed. *Edwards,* 427 F.3d at 134.

---

$^2$  Case No. 04-10365 was dismissed with prejudice on January 10, 2005, and Case No. 04-10366 was dismissed with prejudice on January 11, 2005.

### C. The Motion Raises a "Minor" Dispute That Must Be Resolved Under the CBA's Grievance and Arbitration Procedures.

The gravamen of Menezes' motion is that she is being unfairly disciplined by United as a result of an incident which occurred on April 22, 2005, while she was on duty. Clearly that incident is completely unrelated to the dismissed cases she now seeks to re-open. In fact, AFA is representing Menezes with regard to that current employment issue and is challenging the Company's issuance of a letter of warning to Menezes through the contractual grievance procedures outlined in CBA. In any event, the April 2005 employment dispute is a "minor" one under the Railway Labor Act, 45 U.S.C. §151 *et seq.,* that must be resolved exclusively through the CBA's grievance and system board procedures. *Consolidated Rail Corp. v. Railway Labor Executive Ass'n.,* 491 U.S. 299, 302 (1991). Therefore, this Court has no jurisdiction to address Menezes' contractually-based employment issue.

### CONCLUSION

Based upon the foregoing, AFA respectfully requests that the Court deny plaintiff's motion as it fails to meet the standard for relief under Rule 60 (b)(3), is untimely, and raises a minor dispute over which this Court has no jurisdiction.

February 2, 2006                                     Respectfully submitted,


                                                     /s/  Edward J. Gilmartin
                                                     Edward J. Gilmartin
                                                     Association of Flight Attendants-CWA,
                                                      AFL-CIO
                                                     501 Third Street, N.W.
                                                     9th Floor
                                                     Washington, DC 20001-2797
                                                     (202) 434-0577

/s/ Mary T. Sullivan  
Mary T. Sullivan  
Segal, Roitman & Coleman  
11 Beacon Street  
Suite 500  
Boston, MA   02108  
(617) 742-0208  

Attorneys for AFA, Patricia Friend, Paul Mac Kinnon, Sue Cook, Karen Scopa, Shirley Barber, and Maria Torre

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the Association of Flight Attendants Opposition to Plaintiff's Motion to Re-open Case was served upon Harriett Menezes, 169 Thoreau Street, Apt. 8, Concord, MA 01742 and Brigitte Duffy and Yvette Politis, Seyfarth Shaw, World Trade Center East, Two Seaport Lane, Suite 300, Boston, MA 02210 by first class mail this 2nd day of February, 2006.

/s/ Mary T. Sullivan  
Mary T. Sullivan

Mts/1206/04-353/pleadings10365/opptoreopen.doc