## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

_____
)
Harriet Menezes                                   )
     Plaintiff,                                )
                                                  )
vs.                                               )
                                                  )
United Airlines, Inc., and Frank Colosi,          )
individually and as Labor Relations Manager)
of United Airlines, and Sara Fields, Vice         )
President, and Paul MacKinnon,                    )
individually and as International Treasurer        )
of Association of Flight Attendants, Shirley       )
Barber as International Treasurer of United        )    C.A. No. 04-10366 JLT
Airlines Master Executive Council of the          )
Association of Flight Attendants, Maria           )
Torre individually and as Association of          )
Flight Attendants Chairman of Grievance          )
Committee, Pat Friend, individually and           )
as President of Association of Flight             )
Attendants,                                       )
     Defendants.                               )
_____)

### UNITED AIRLINES', FRANK COLOSI'S AND SARA FIELDS' OPPOSITION TO MENEZES'S MOTION TO REOPEN CASE

     Defendants United Airlines ("United"), Frank Colosi ("Colosi") and Sara Fields ("Fields") hereby oppose Plaintiff Harriet Menezes's ("Menezes") Motion to Reopen Case ("Motion"). In her Motion, Menezes, a United flight attendant, seeks to reopen two separate actions that the parties voluntarily dismissed more than a year ago after reaching a settlement, thereby attempting to embroil the Court in a dispute over the terms of the settlement agreement. Menezes's Motion fails because this Court lacks jurisdiction to interpret and enforce the settlement agreement and Menezes has otherwise failed to establish any basis for this Court to relieve her from the dismissal with prejudice entered in these matters more than one year ago.

## FACTUAL BACKGROUND

On February 23, 2004, Menezes filed an action, captioned Menezes v. Association of Flight Attendants CWA, AFL-CIO, et al., Civil Action No. 04-10365-JLT, in which she challenged United's termination of her employment, at her union's request, for failure to pay union dues. The Complaint set forth a variety of claims against Defendant Paula DiMartino ("DiMartino"), a United supervisor, and four additionally named defendants, including her union, the Association of Flight Attendants ("AFA"). Menezes alleged, among other things, that defendants terminated her employment in violation of state and federal disability laws and federal labor law. On the same day, Menezes filed this action in which she named United, Colosi and Fields, two United Managers, and several AFA officials as defendants. In September 2004, all defendants sought dismissal of and/or summary judgment on both complaints. On October 6, 2004, the Court deferred ruling on the motions, stayed further proceedings, and ordered the parties to return on November 8, 2004 for a settlement conference.

On November 8, 2004, after engaging in negotiations, the parties reported to the Court that they had reached a settlement of all Menezes's claims, a component of which settlement was United's agreement to reinstate to Menezes to her position as Flight Attendant. On November 23, 2004, Menezes executed a Confidential Settlement Agreement and Release ("Settlement Agreement") as well as Stipulations of Dismissal for each action. On January 7, 2005, after obtaining the signatures of the many remaining parties involved in the settlement, the parties filed the Stipulations of Dismissal in which they agreed to the dismissal of both cases with prejudice and waiving all rights of appeal. The Court formally terminated both cases on January 10, 2005.

Since resuming her employment with United, Menezes has apparently become dissatisfied with the terms of the Settlement Agreement she signed.  Specifically, in her Motion filed on January 13, 2006 – more than one year after this case was dismissed – Menezes moves to reopen these cases because she apparently disagrees with United's understanding of the terms of the Settlement Agreement.  She complains that United refuses to "expunge" records in her personnel file ‑ a requirement that she does not contend is found in the Settlement Agreement ‑ and asks that the Court "review" the Settlement Agreement.  Plaintiff's Motion, at 1.  Further, she claims that "[c]lauses in the Agreement prohibit Plaintiff from defending herself against United's progressive disciplinary policy thereby creating unconscionable results."[1]  Plaintiff's Motion, at 1.

## ARGUMENT

## I.     THIS COURT LACKS JURISDICTION TO HEAR THIS MATTER.

Although styled as a Rule 60 Motion, Menezes's Motion plainly seeks this Court's intervention in a dispute concerning the terms of the Settlement Agreement.  The United States Supreme Court has considered this issue and clearly held that in analogous circumstances the District Court simply lacks the jurisdiction to consider Plaintiff's requests.

In Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375, 114 S. Ct. 1673 (1994), the parties reached an agreement resolving their dispute and subsequently filed a stipulation pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure dismissing the complaint and cross-complaint.  The stipulation did not reserve the trial court's jurisdiction and made no reference to the settlement agreement executed by the parties.  Id., at 376-77, 114 S. Ct. at 1674-75.  After the parties disagreed about one party's obligations to return files, the other

---

[1] The disciplinary procedures United applies to Flight Attendants are specified in the collective bargaining agreement entered into by the AFA and United.

party moved in the District Court to enforce the settlement agreement.  Id. at 377, 114 S. Ct. at

1675.  While the trial court found that it had inherent authority to decide the motion, the

Supreme Court ultimately rejected that holding, finding that enforcement of a settlement

agreement, whether through an award of damages or decree of specific performance, "is more

than just a continuation or renewal of the dismissed suit and hence requires its own basis for

jurisdiction."  Id., at 378, 114 S. Ct. at 1675.  Subject matter jurisdiction may be independent or

ancillary.  Absent an independent basis for federal jurisdiction, dismissal-producing settlement

agreements are not enforceable in federal court unless the district court has ensured its

continuing ancillary jurisdiction by making the parties' obligation to comply with the settlement

agreement part of the order of dismissal.  Id., at 381-82, 114 S. Ct. at 1677.  A district court can

do so by either including a provision explicitly retaining jurisdiction over the settlement

agreement or by incorporating the terms of the settlement agreement in the court's order.  Id.; see

also Pratt v. Philbrook, 109 F.3d 18, 21 n.5 (1st Cir. 1997) (sixty-day order procedures is a

"mechanism for the trial courts to bring cases to closure while retaining jurisdiction to enforce a

settlement for a period of time after closure is announced"); Flebotte v. Dow Jones & Co., 2001

U.S. Dist. LEXIS 21327 * 6 (D. Mass. 2001) (court expressly retained jurisdiction for 60 days

and neither party objection or insisted on its right to an unconditional dismissal) .

     Because Menezes does not and cannot point to any basis upon which this Court retained

jurisdiction over the settlement of her claims, her efforts to have the Court, in essence, revise the

terms of the Settlement Agreement must also be denied.  In this case, review of the Stipulations

of Dismissal filed by the Parties reveals that the Court did not retain jurisdiction  to enforce or

interpret the terms of the Settlement Agreement.  (Copies attached as Exhibit 1.)[2]  Rather, they

---

[2] United, Colosi and Fields attach copies of the Stipulations of Dismissal containing Menezes'
original signatures and the Stipulations of Dismissal that were electronically filed with the Court.

confirm that Menezes and the other parties agreed to dismiss the cases with prejudice and the Court did not retain jurisdiction over them. Consequently, the Court lacks jurisdiction to hear Menezes's arguments that United has not abided by the terms of the agreement the parties reached.

## II.    MENEZES CANNOT PREVAIL ON A RULE 60 MOTION.

Even assuming Rule 60(b) provided an appropriate vehicle for challenging United's interpretation of the Settlement Agreement, such a motion provides "extraordinary relief" and will be "granted only under extraordinary circumstances." Capizzi v. States Resources Corp., 2005 WL 113679, *3 (D. Mass., Jan. 20, 2005); Lepore v. Vidockler, 792 F.2d 272, 274 (1st Cir. 1986). Based on her Motion, it appears that Menezes argues that this Court should grant a Rule 60(b) motion based on fraud. See Fed. R. Civ. P. 60(b). When a plaintiff seeks to reopen a case based on fraud, however, such claim must be brought within one year after the dismissal was entered and the case terminated. Id. Here, Menezes's Motion must fail because she sought to reopen this case more than one year after the case was dismissed on January 10, 2005.

Further, Menezes's Motion fails because she has adduced no evidence of fraud. Aside from several self-serving statements regarding negotiations with opposing counsel, Menezes's Motion is devoid of any evidence of at all. While Menezes claims that she was "induced into signing an unconscionable Settlement Agreement by fraudulent and misleading representations made in bad faith," she failed to provide any evidence to support that allegation.[3] It is notable, however, that when the parties initially reported the settlement to the Court on November 8, 2004, defendants made clear in open Court that because Menezes is over age 40, the Settlement

---

[3] The parties agreed that the specific terms of the Settlement Agreement and the negotiations leading up to it would be confidential. Should the Court seek to explore Menezes's unfounded allegations, United would request that the Court allow the parties to file any affidavits and documents under seal to protect the parties' interest in keeping settlement negotiations and terms confidential.

Agreement would have to comply with the Older Workers Benefit Protection Act of 1990, 29 U.S. C. 621, et seq.  The statute imposes significant requirements on valid releases of age discrimination claims, including a requirement that individuals have twenty-one days to consider whether to sign an agreement and have seven days to revoke their signature after signing.  29 U.S.C. §626(f).  In short, nothing that Menezes has submitted to the Court suggests that there is any basis to conclude that Menezes is entitled to such extraordinary relief as reopening the dismissal she willingly accepted.

<u>**Conclusion**</u>

For the reasons set forth above, DiMartino respectfully requests that the Court deny Menezes's Motion to Reopen.

Respectfully submitted,

UNITED AIRLINES INC., FRANK COLOSI AND SARA FIELDS

By their attorneys,

/s/ Yvette Politis
Brigitte M. Duffy (BBO # 565724)
Yvette Politis (BBO # 644986)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02110
Dated:  February 2, 2006          (617) 946-4800

**<u>Certificate of Service</u>**

I, Yvette Politis, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 2, 2006.

<u>/s/ Yvette Politis</u>
Yvette Politis

7